1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANGELA Y. GUTHRIE,

        Plaintiff,

v.

ARGENT MORTGAGE COMPANY,
LLC, et al.,

        Defendants.

2:11-CV-1811 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Angela Y. Guthrie's motion for a temporary restraining order.  (Doc. #1-B).  Defendant Kondaur Capital Corporation has filed an opposition (doc. #8) to which plaintiff has failed to reply.[1]

Also before the court is Kondaur Capital's motion to dismiss the complaint (doc. #5) and motion to expunge lis pendens (doc. #6).  Guthrie has not filed an opposition to either motion.

Guthrie's complaint lists nine causes of action against the various defendants.  These causes of action include: (1) fraud; (2) breach of the implied covenant of good faith and fair dealing; (3) wrongful foreclosure; (4) quiet title; (5) suitability; (6) negligence; (7) liability per se; (8) negligent

---

[1] The motion for temporary restraining order was filed in state court on October 11, 2011.  Defendant Kondaur Capital removed this case to federal court on November 9, 2011.  Though the motion for temporary restraining order was still pending at the time of removal, defendant Kondaur Capital did not alert this court of the pending motion at the time of removal.  Rather, this court first became aware of the pending motion when Kondaur Capital finally filed its opposition on November 15, 2011.

**James C. Mahan**
**U.S. District Judge**

misrepresentation; and (9) unfair lending practices.  After review of the complaint, motion for temporary restraining order, and responses and replies thereto, this court cannot find that Guthrie has established a likelihood of success on the merits.

### Discussion

A plaintiff must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."  In 42 U.S.C. § 1983 prisoner civil rights litigation, the court may dismiss any action "if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1).

Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).  Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard.  To prevail in her motion for temporary restraining order, plaintiff's complaint must not only state a claim, but must establish a likelihood of success on the merits. *See Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76 (2008).  In addition to (1) likelihood of success on the merits, the court must also consider:  (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Id.*

James C. Mahan
U.S. District Judge

- 2 -

1          (1)    <u>Fraud</u>

2          To prove a claim for intentional misrepresentation, the plaintiff must establish three factors:

3  (1) a false representation that is made with either knowledge or belief that it is false or without a

4  sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this

5  reliance. *Nelson v. Heer,* 123 Nev. 217, 225, 163 P.3d 420, 426 (Nev. 2007); *see also Barmettler*

6  *v. Reno Air, Inc.,* 114 Nev. 441, 446-447, 956 P.2d 1382, 1386 (Nev. 1998).   Additionally, in

7  pleading fraud, a complaint must comply with the strictures of Fed. R. Civ. P. 9(b).   Thus, "[i]n all

8  averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

9  particularity." Fed. R. Civ. P. 9(b).   The circumstances alleging fraud must be "specific enough to

10  give defendants notice of the particular misconduct...so that they can defend against the charge and

11  not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3D 1087,

12  1106 (9th Cir. 2003).

13          Guthrie's complaint fails to meet the requisite standard to state a cause of action for fraud.

14  The complaint states:

15

16          Defendant made many misrepresentations of fact to Plaintiff.  These
             misrepresentations include Defendant offering the loan for one price but then
17          provided [sic] the loan for a different price; Defendant promised Plaintiff would be
             able to refinance the loan on [sic] a short period of time; Defendant represented that
18          the 3 year adjustable rate mortgage would be the best financial option for the Plaintiff
             and that she would simply be able to refinance into a 30 year fixed loan.  These
19          representations were false; and Defendant knew they were false when made and
             made for purpose [sic] to entice Plaintiff to make the loan so that Defendant or their
20          predecessors would make money, such as commissions.

21
   Compl. ¶ 19.
22
          These allegations fail to meet the heightened pleading standard of Rule 9(b).  First, it is
23
   unclear which defendants made the alleged misrepresentations to plaintiff.   The complaint's
24
   allegations of fraud discuss the role of both defendant Argent Mortgage Company, LLC and
25
   defendant Kondaur Capital, but does not distinguish between the two defendants, state when the
26
   misrepresentations were made, or give any other context regarding the alleged misrepresentations.
27

28

**James C. Mahan**
**U.S. District Judge**                                              - 3 -

(2)     Breach of the Implied Covenant of Good Faith and Fair Dealing

To state a claim of breach of the covenant of good faith and fair dealing, plaintiff must allege: (1) plaintiff and defendants were parties to an agreement; (2) the defendants owed a duty of good faith to the plaintiff; (3) the defendants breached that duty by preforming in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol Generator-Nevada v. Cummins Engine*, 917 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).

Guthrie alleges that defendants breached the implied covenant by "misrepresenting to Plaintiff the cost of the credit involved in the loan." Compl. ¶ 31. As pointed out by Kondaur Capital, however, the implied covenant "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Guz v. Bechtel Nat., Inc.*, 24 Cal. 4th 317, 349 (2000).

Here, plaintiff received the funds to purchase the property. The contract did not require, nor did Kondaur Capital have a fiduciary obligation to ensure that plaintiff was suitable for the loan. The spirit of this agreement was for plaintiff to receive financing the purchase the real property and to pay back the money borrowed. Plaintiff has failed to allege how Kondaur Capital has breached the spirit of this agreement. Thus, plaintiff has failed to state a claim for breaching the implied covenant of good faith and fair dealing.

(3)     Wrongful Foreclosure

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed. . . . " *Collins v. Union Fed. Sav. & Loan Ass 'n*, 662 P.2d 610, 623 (Nev. 1983). The provisions of NRS Chapter 107 provide the comprehensive, statutory framework governing non-judicial foreclosure sales, and mandate that upon default of the borrower

James C. Mahan
U.S. District Judge

- 4 -

1   and a failure to cure, non-judicial foreclosure is proper. NRS 107.080(1).

2        This cause of action is without merit, because the plaintiff defaulted under the loan agreement

3   when she failed to make her mortgage payments.  Accordingly, plaintiff cannot allege that no breach

4   of condition or failure of performance existed at the time of the sale, and therefore has not stated a

5   claim for wrongful foreclosure.

6        (4)    <u>Quiet Title</u>

7        An action to quiet title is an equitable proceeding in which a party seeks to settle a dispute

8   over ownership of property or to remove a cloud upon his title to the property.  *MacDonald v.*

9   *Krause*, 77 Nev. 312, 317–18 (Nev. 1961).  A widely accepted rule in such actions is that the party

10  must tender the undisputed amount due and owing to challenge the validity of the foreclosure sale.

11  *See, e.g., Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996).  In

12  essence, he who seeks equity must do equity.  *See McQuiddy v. Ware*, 87 U.S. 14, 19 (1873).

13       Again, plaintiff cannot prevail on this claim.  She has defaulted on her loan.  Thus, she has

14  not tendered the undisputed amount due and owing, and thus cannot challenge the validity of the

15  foreclosure sale through a quiet title action.  Plaintiff has failed to state a claim.

16       (5)    <u>Suitability</u>

17       Guthrie alleges that defendants breached their professional obligations to ensure that she

18  selected a loan that was suitable to her personal financial condition.  However, Nevada law does not

19  recognize such "suitability" claims.  *See Weingartner v. Chase Home Finance, LLC*, 702 F. Supp.

20  2d 1276, 1290 (D. Nev. 2010).  Further, Guthrie has failed to establish that any of the defendants

21  owed her a special duty.  Courts have held that lenders and loan services do not owe a duty of care

22  beyone the traditional role of lender of money.  *See Nymark v. Heart Fed. Sav. & Loan Assn.*, 231

23  Cal. App. 3d 1089, 1096 (1991).

24       (6)    <u>Negligence</u>

25       Guthrie also contends that defendants breached their duty to "perform their professional

26  services in a [manner] which placed Plaintiffs interested above Defendants['] . . ."  Compl. ¶ 58.  In

27  effect, plaintiff has alleged that defendants have breached some fiduciary duty owed to her.

28

**James C. Mahan**
**U.S. District Judge**

1    Guthrie's contention must fail because it is established that lenders owe no fiduciary

2    obligations to borrowers absent exceptional circumstances. *See Kwok v. CR Title Co., et. al.*, Case

3    No. 2:09-cv-2298, slip op. at 5 (D. Nev. June 23, 2010) (Hunt, J.).  No exceptional circumstances

4    or special relationship was alleged here.

5        (7)    Liability Per Se

6        Guthrie's cause of action for "liability per se" is most likely an attempt to plead negligence

7    per se for alleged violations of the Truth in Lending Act, 15 U.S.C. 1601, *et. seq.* (TILA) or a

8    statutory cause of action for violating TILA.  Both such actions are time-barred.

9        To state a claim for negligence per se, a plaintiff must allege that: (1) he or she belongs to

10   a class of persons that a statute was intended to protect; (2) the defendant violated the relevant

11   statute; (3) the plaintiff's injuries are the type against which the statute was intended to protect; (4)

12   the violation was the legal cause of plaintiff's injury; and (5) plaintiff suffered damages. *See*

13   *Anderson v. Baltrusaitis*, 944 P.2d 797, 799 (1997). Whether a particular statute establishes a

14   standard of care in a negligence action is a question of law. *Vega v. E. Courtyard Assocs.*, 24 P.3d

15   219, 221 (Nev. 2001). Under NRS 11.190, the relevant statute of limitations for negligence per se

16   is three years. *Torreabla v. Kesmetis*, 178 P.3d 716 (Nev. 2008).

17       Further, if interpreted as a statutory cause of action for violations of TILA, the suit must be

18   brought within one-year to recover damages or three-years to rescind loan documents.  15 U.S.C. §

19   1640(e).  The cause of action accrues when the loan documents were signed.  *See Lynch v. RKS*

20   *Mortgage, Inc.*, 588 F. Supp. 2d 1254, 1259 (E.D. Cal. 2008).

21       Guthrie admits that she signed her loan documents in January of 2006.  Compl. ¶ 7.

22   Accordingly, over five years have passed since any TILA violation occurred.  The seventh cause of

23   action is time-barred.

24       (8)    Negligent Misrepresentation

25       A claim for negligent misrepresentation requires the plaintiff to plead: (1) a false

26   representation was made; (2) the representation was made in the course of the defendant's business;

27   (3) the representation was for the guidance of others in their business transactions; (5) the other party

28

**James C. Mahan**
**U.S. District Judge**

relied on the representation to its detriment; and (6) the defendant failed toe exercise reasonable care. *See Weingartner*, 702 F. Supp. 2d at 1291.

Here, Guthrie fails to indicate what false representations were made. This is an essential element of negligent misrepresentation. Thus, without such allegations, Guthrie has not stated a claim for which relief can be granted.

(9)     Unfair Lending Practices

Guthrie's last cause of action alleges violations of Nevada's Unfair Lending Practices Act, NRS § 598D by defendants' failure to determine that she had the ability to repay the loan. Compl. ¶ 81. This statutory cause of action is subject to a three-year statutory period. NRS § 11.190(3)(a). As discussed above, Guthrie entered into this loan in 2006. Accordingly, the three-year statutory period has passed, resulting in the claim being time-barred.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion for a temporary restraining order (doc. #1-B) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that defendant Kondaur Capital's motion to dismiss be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that in light of the dismissal, defendant Kondaur Capital's motion to expunge lis pendens (doc. #6) be, and the same hereby is, GRANTED.

DATED December 9, 2011.

UNITED STATES DISTRICT JUDGE